J-S05009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSHUA BROOK ESTES :
:
Appellant : No. 1282 MDA 2019

Appeal from the Judgment of Sentence Entered July 3, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000856-2018

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED APRIL 17, 2020**

Appellant, Joshua Brook Estes, appeals from the judgment of sentence entered on July 3, 2019, in the Lycoming County Court of Common Pleas. We affirm.

The trial court summarized the pertinent background of this case as follows:

On or about March 3, 201[8], Appellant … was arrested and subsequently charged with Driving Under the Influence of Alcohol or Controlled Substance ([Appellant's fourth DUI in ten years])[1], Illegally Operating a Motor Vehicle Not Equipped with Ignition Interlock[2], Driving While Operating Privilege is Suspended[3], and Driving Unregistered Vehicle Prohibited[4]. A jury trial was held on April 8, 2019, at which time Appellant … was found guilty of Count [1], Driving Under the Influence of Alcohol[.] [Counts 2, 3, and 4] were severed[, and Appellant pleaded guilty to those charges in a separate proceeding]. On July 3, 2019, Appellant … was sentenced to undergo incarceration in a State Correctional facility for a period of not less than six (6) months and no more than twenty-four months. Under Count 2, Appellant … was sentenced to pay a $300 fine. As to Count 3, Appellant … was sentenced to

ninety (90) days in a State Correctional facility, to be served with the sentence imposed at Count 1, as well as being made to pay a $500 fine.  As to Count 4, Appellant … was to pay a $75 fine.

[1] 75 Pa.C.S.[] § 3802(a)(1)[.]
[2] 75 Pa.C.S.[] § 3808(a)(1)[.]
[3] 75 Pa.C.S. § 1543(b)(1)[.]
[4] 75 Pa.C.S. § 1301(a)[.]

Trial Court Opinion, 10/9/19, at unnumbered 1-2.  On July 31, 2019, Appellant filed a timely notice of appeal.  Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue for this Court's consideration:

Did the trial court abuse its discretion when it permitted the admission of video with audio that made multiple references to prior acts from which the jury could reasonably infer that [Appellant] had been convicted previously of the same offense now alleged?

Appellant's Brief at 6.

It is well settled that the admissibility of evidence is left to the discretion of the trial court, and the trial court evidentiary rulings will not be disturbed on appeal unless the trial court abused that discretion.  **Commonwealth v. Akhmedov**, 216 A.3d 307, 316 (Pa. Super. 2019) (citation omitted).  An abuse of discretion is not a mere error in judgment; rather, an abuse of discretion occurs where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.  **Id.** (citation omitted).  Moreover,

evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

*Id.* (quoting *Commonwealth v. Sherwood*, 982 A.2d 483, 497 (Pa. 2009)).

"Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Id.* (citation omitted). "All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402.

Appellant avers that the trial court abused its discretion when it permitted the jury to hear the audio portion of the video ("the recording") recorded at the "DUI center" after Appellant's arrest, wherein an ignition interlock[1] was mentioned. Pa.R.A.P. 1925(b) Statement, 8/21/19, at

---

[1] An individual who is convicted of DUI under 75 Pa.C.S. § 3802, or had his operating privileges suspended pursuant to 75 Pa.C.S. §§ 1547 or 3808(c), who seeks the restoration of his operating privileges, shall be required by the Pennsylvania Department of Transportation ("the department"), as a condition of issuing a restricted license, to install an ignition interlock system in his vehicle for the duration of the restricted license period. 75 Pa.C.S. § 3805. An ignition interlock is "[a] system approved by the department which prevents a vehicle from being started or operated unless the operator first

unnumbered 1; Appellant's Brief at 12-13. The notes of testimony reveal that the recording was played for the jury over Appellant's objection. N.T., 4/8/19, at 22. After the jury viewed and heard the recording, Appellant renewed his objection. *Id.* at 23. The trial court overruled the objection. *Id.*

We are constrained to point out that Appellant has not provided us with a copy of the recording or a transcript of its contents. It is well-settled that "this Court may consider only the facts that have been duly certified in the record when deciding an appeal." *Commonwealth v. Kennedy*, 151 A.3d 1117, 1127 (Pa. Super. 2016) (citation omitted). It is the appellant's responsibility to ensure that this Court has the complete record necessary to review his claim. *Id.* (citation omitted). When an appellant fails to provide this Court the necessary items for review, the claim is waived. *Id.* (citation omitted). Appellant's failure to include the recording or a transcript of the recording in the certified record renders it impossible for this Court to review its contents and determine if the trial court committed an abuse of discretion. Therefore, this omission hampers appellate review, and we deem the issue waived. *Id.*

Were we to address this issue, to the extent possible based on the record before us, we would conclude that no relief is due. As noted, Appellant

---

provides a breath sample indicating that the operator has an alcohol level less than 0.025%." 75 Pa.C.S. § 3801.

objected to the recording due to a reference to an ignition interlock, and the

trial court denied the objection. N.T., 4/8/19, at 23. The trial court addressed

this issue as follows:

> Upon request of Appellant['s] counsel, the following curative instruction was given during closing jury instructions:

>> "You may have heard evidence tending to prove that [Appellant] was guilty of an offense or improper conduct for which he is not on trial. I am speaking of the testimony to the effect that there is some talk about an interlock order that was not being obeyed or prior offense of some type. We cannot edit everything that is given to you and we cannot give you all this information in a complete vacuum. You must not regard this evidence as showing that [Appellant] is a person of bad character or criminal tendencies for which you might be inclined to infer guilt." N.T. 85:12-21, 4/8/19.

> Curative instructions are typically most effective as soon as a trial event needs correction. However, immediacy is not a rule, but a preference. See *Commonwealth v. Johnson*, 576 Pa. 23, 39; 838 A.2d 663, 672 (2003), cert. denied[,] 543 U.S. 1008 (2004). See also Pa.R.Cr.P. 647([E]), which provides in pertinent part that a "trial judge may give instructions to the jury before the taking of evidence or at any time during the trial as the judge deems necessary and appropriate for the jury's guidance in hearing the case." … The timing of a limiting or explanatory instruction is at the discretion of the court because the impact of the offending evidence may not be immediately clear, see *Commonwealth v. Housman*, 986 A.2d 822, 836 (Pa. 2009). In assuring that [the defendant is] given a fair trial, a trial judge must be allowed reasonable discretion in whether or not to give curative instructions. *Com. v. Sanchez*, 623 Pa. 253, 82 A.3d 943 (2013).

> If, as is the case in the instant matter, evidence of prior criminal activity or ensuing restrictive punitive measures is presented to the jury, the trial court may cure the improper prejudice with an appropriate cautionary instruction to the jury. It is imperative that the trial court's instruction be clear and specific, and it must instruct the jury to disregard the improper

evidence. *Com. v. Thompson*, 2014 PA Super 273, 106 A.3d 742 (2014), appeal denied, 635 Pa. 743, 134 A.3d 56 (2016) and cert. denied, 137 S.Ct. 106, 196 L.Ed. 87 (2016). The above-referenced curative instruction clearly and specifically addresses the evidence which the jury must disregard. In *Commonwealth v. Manley*, 985 A.2d 256, 268 (Pa. Super. 2009), app. [d]enied[,] 996 A.2d 491 (Pa. 2010), it was held that "juries are presumed to follow the instructions of a trial court to disregard inadmissible evidence." As the curative instruction complied with the requisite criteria to be deemed effective, the Jury was presumed to have followed said instruction during deliberation and in finding Appellant … guilty of Count 1, Driving Under the Influence of Alcohol or a Controlled Substance.

Trial Court Opinion, 10/9/19, at unnumbered 3-5.

Were we to reach this issue, we would agree with the trial court's conclusion. The trial court instructed the jury to disregard any reference to an ignition interlock in rendering its decision. N.T., 4/8/19, at 85. "It is well settled that juries are presumed to follow the instructions of a trial court to disregard inadmissible evidence." **Commonwealth v. Manley**, 985 A.2d 256, 268 (Pa. Super. 2009). Accordingly, had this issue been properly preserved, we would conclude that it merits no relief.

Judgment of sentence affirmed.

Judge Musmanno joins this Memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/17/2020